# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOSONICS CORPORATION, a Maryland corproation,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>LG ELECTRONICS, INC, a Korean corporation, LG ELECTRONICS USA, INC., a Delaware corporation, LG ELECTRONICS PANAMA S.A., a Panamanian corporation, LG ELECTRONICS, INC. CHILE LTDA, a Chilean corporation, LG ELECTRONICS GUATEMALA S.A. DE C.V., a Guatemalan corporation, and DOES 1 through 10, inclusive,<br><br>　　　　　　　　　　　　　Defendants. | CASE NO. 09CV1657-MMA (BLM)<br><br>**NOTICE AND ORDER PROVIDING TENTATIVE RULING RE: DEFENDANT'S MOTION TO DISMISS**<br><br>[Doc. No. 25] |

　　Currently pending before the Court, and set for hearing on Monday, January 11, 2010, is the motion to dismiss filed by Defendants (Doc. No. 25.) Having considered the submissions of the parties, and in anticipation of Monday's hearing, the Court issues the following tentative ruling:

　　Having considered the briefing, the Court's tentative ruling is to **GRANT IN PART** and **DENY IN PART** Defendants' motion to dismiss.

　　1.　　The Court's tentative is to **DENY** Defendants' Motion to Dismiss LG Chile & LG Guatemala for insufficient service of process. It appears to the Court that dismissal is not appropriate at this time because Plaintiff is still attempting to serve these Defendants pursuant to Rule 4(f).

2. The Court's tentative is to **DENY** Defendants' Motion to Dismiss LG Panama, LG Guatemala, and LG Chile for lack of personal jurisdiction. While it appears that there are not sufficient contacts for the Court to assert general jurisdiction, the contacts are sufficient for the Court to exercise specific jurisdiction over these Defendants. It appears to the Court that Defendants knew Plaintiff was headquartered in California, yet continued to conduct business with it. This fact as well as the other jurisdictional facts provided by Plaintiff demonstrate that these Defendants purposefully availed themselves of the benefits and protections of doing business within California. The Court also finds that but for these contacts, Plaintiff would not have been injured. Thus, it appears to the Court that Plaintiff's claims arose out of Defendants' forum-related activities. Finally, the Court finds that the balance of factors weighs in favor of the reasonableness of jurisdiction.

3. The Court's tentative is to **GRANT** Defendants' motion to dismiss the claims against LG Korea, LG US, LG Guatemala, and LG Chile for failure to state a claim under Rule 8 and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). It appears to the Court that Plaintiff has largely failed to plead facts to support its claims against these various Defendants. The Court notes this is in large part the result of referring to Defendants collectively throughout the complaint, rather than each Defendant individually. However, because Plaintiff has pointed to several facts that it might be able to allege in the amended complaint, the Court's tentative thought is to dismiss the claims against these Defendants **with leave to amend**.

4. The Court's tentative is to **DENY** Defendants' Motion to Dismiss six of Plaintiff's nine claims for failure to state a claim under Florida law. Applying California's choice of law rule, the Court finds that California law should govern this action. Although Defendant adequately demonstrated that the laws between these two forums differ, Defendant failed to demonstrate that Florida has any interest in having its laws applied to this action. Because California law applies, the Court finds no basis in Defendants' motion to dismiss these claims.

5.      Finally, the Court's tentative is to **DENY** Defendants' motion to dismiss the fraud
                 claim. Plaintiff's allegations regarding fraud are sufficient under Rule 9(b) because
                 Plaintiff identifies the various misrepresentations on which its claim is based, who
                 made those misrepresentations, when those misrepresentations were made, and how
                 those misrepresentations were made.

**IT IS SO ORDERED.**

DATED: January 8, 2010

*[signature]*

Hon. Michael M. Anello
United States District Judge

- 3 -                                                              09CV1657-MMA (BLM)