# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INFOSONICS CORPORATION, a Maryland corporation,<br><br>Plaintiff,<br><br>vs.<br><br>LG ELECTRONICS, INC, a Korean corporation, LG ELECTRONICS USA, INC., a Delaware corporation, LG ELECTRONICS PANAMA S.A., a Panamanian corporation, LG ELECTRONICS GUATEMALA S.A. DE C.V., a Guatemalan corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 09CV1657-MMA (BLM)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>[Doc. No. 47] |

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. No. 47.) On August 9, 2010, the Court held a hearing on the motion. (Doc. No. 55.) Attorney Brian Lake appeared on behalf of Plaintiff InfoSonics Corporation, and Attorney Peter Yu appeared on behalf of the LG Defendants. After hearing argument on the motion, the Court took the matter under submission. Having considered the briefing and arguments presented, and for the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' Motion to Dismiss.

## FACTUAL BACKGROUND

Plaintiff InfoSonics Corporation ("InfoSonics") is a distributor of wireless handsets to mobile network carriers in Latin America and the Carribean, with its headquarters located in San Diego,

California. LG manufactures wireless handsets and arranges for placement of the wireless handsets in various regions around the world through its various wholly-owned subsidiaries. In addition to distributing wireless handsets, InfoSonics works with the carrier and manufacturer to enable handsets to work on different wireless networks by technically modifying the handsets and customizing the software required for different customers in different regions.

In 2006, InfoSonics began purchasing LG handsets from LG Panama to distribute to Latin American mobile network carriers. In 2007, the parties began negotiating a long-term distribution agreement by which InfoSonics would distribute LG handsets for LG Panama to its Latin American contacts. Sometime after InfoSonics began distribution in certain Latin American countries for LG Panama, InfoSonics began also distributing handsets for LG Guatemala and LG Chile in other Latin American countries such as El Salvador and Honduras. While still negotiating the terms of the distribution agreement, Plaintiff continued to purchase and distribute LG's handsets pursuant to the terms of purchase orders it issued out of its San Diego headquarters. Sometime during 2008, negotiations deteriorated, and LG Panama informed InfoSonics that it would not enter into a distribution agreement with it.

Plaintiff alleges that LG Panama thereafter began selling its handsets to at least two of InfoSonics's customers directly. Plaintiff alleges that LG Guatemala also stopped dealing with InfoSonics and instead began selling its handsets directly to at least two other InfoSonics customers. Plaintiff alleges that, from the beginning, LG Panama entered into the business arrangement with Infosonics with the "devious, undisclosed intent of 'cutting out' InfoSonics and selling directly to InfoSonics' already established customer base." Plaintiff also alleges that LG Electronics and LG US are liable because they directed LG Panama and LG Guatemala to engage in this conduct.

**PROCEDURAL BACKGROUND**

On July 1, 2009, Plaintiff filed the instant action in the Superior Court of the State of California, County of San Diego. On July 31, 2009, Defendants removed the action to federal court and the action was randomly assigned to the undersigned judge. (Doc. No. 1.) On January 15, 2010, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. (Doc. No. 30.) Specifically, the Court denied Defendant's motion to dismiss LG Chile and

LG Guatemala for insufficient service of process on grounds that these were foreign Defendants, and Plaintiff was in the process of having the Defendants served via diplomatic processes. The Court also denied Defendants' motion to dismiss LG Panama, LG Guatemala, and LG Chile for lack of personal jurisdiction on grounds that each entity had sufficient contacts with California to support specific personal jurisdiction. The Court denied Defendants' motion to dismiss six of the nine causes of action for failure to state a claim under Florida law on grounds that California law, rather than Florida law, governed the action. The Court, however, dismissed all claims against LG Electronics, LG US, LG Guatemala, and LG Chile because Plaintiff only referred to these Defendants in the Complaint collectively, thus failing to comply with Rule 8 requirements. Finally, the Court denied Defendants' motion to dismiss Plaintiff's fraud claim against LG Panama and LG Electronics on grounds that Plaintiff adequately pled fraud under the standards of Federal Rule of Civil Procedure 9(b).

On March 1, 2010, Plaintiff filed its First Amended Complaint. (Doc. No. 31.) The parties then stipulated to Plaintiff's filing of a Second Amended Complaint ("SAC"), which Plaintiff thereafter filed on April 23, 2010. (Doc. No. 44.)[1] On June 2, 2010, Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. No. 47.) On June 23, 2010, Plaintiff filed its opposition to the motion, and on July 2, 2010, Defendants replied. (Doc. Nos. 50, 53.)[2]

**LEGAL STANDARD**

A complaint survives a motion to dismiss if it contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The court reviews the contents of the complaint, accepting all factual allegations as true, and drawing all reasonable inferences in favor of the nonmoving party. *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). Notwithstanding this deference, the reviewing court need not accept "legal

---

[1] InfoSonics voluntarily dismissed LG Chile as a named Defendant in the SAC.

[2] With its opposition, Plaintiff submitted the declaration of Counsel Donald J. Kula with a redline version of the SAC attached as an exhibit. (Doc. No. 51.) Defendants filed evidentiary objections to this declaration and the attached exhibit. (Doc. No. 54.) The Court did not consider this evidence in assessing the claims set forth in the SAC or the merits of Defendants' motion. Accordingly, the Court **DENIES AS MOOT** Defendants' objections.

conclusions" as true. *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009). Moreover, it is improper for a court to assume "the [plaintiff] can prove facts that [he or she] has not alleged."*Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983). Accordingly, a reviewing court may begin "by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft*, *supra*, 129 S. Ct. at 1950.

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citing *Twombly*, 550 U.S. at 557).

## DISCUSSION

Defendants assert multiple bases for dismissal of claims alleged by Plaintiff in the SAC. First, Defendants contend that Plaintiff's claims for intentional interference against LG Electronics should be dismissed for failure to state a claim on grounds that Plaintiff fails to identify facts to support its contention that LG Electronics directed the activities of LG Panama or LG Guatemala. Second, Defendants contend that Plaintiff has not identified any promises LG Electronics made to Plaintiff that could support its claim for promissory estoppel. Finally, Defendants contend that all claims against LG US should be dismissed for failure to state a claim because Plaintiff alleges no specific facts to support its conclusory assertion that LG US directed the activities of LG Panama or LG Guatemala. The Court shall first address Plaintiff's claims of intentional interference and promissory estoppel against LG Electronics, and then address Plaintiff's claims against LG US.

**1.    LG Electronics**

   *a.    Intentional Interference Claim*

Throughout the SAC, Plaintiff alleges that LG Electronics directed LG Panama and LG

Guatemala to interfere with Plaintiff's contracts with various Latin American retailers. Defendants contend that Plaintiff fails to identify facts to support this contention. In their motion to dismiss, Defendants assume that Plaintiff's claims are based solely on LG Electronic's position as the parent of LG Panama and LG Guatemala. Plaintiff, however, asserts in its opposition that it is not alleging liability based solely on the parent-subsidiary relationship. Rather, Plaintiff asserts that LG Electronics is liable for its direct participation in the alleged wrongdoing.

Plaintiff's allegations of direct wrongful conduct by LG Electronics are primarily made "on information and belief." InfoSonics, however, alleges that these allegations are sufficient to withstand Defendants' motion to dismiss in light of allegations of LG Electronics's significant involvement in the contractual negotiations between Plaintiff and LG Panama. Specifically, InfoSonics alleges the following specific facts, which it contends demonstrates LG Electronics's significant involvement:

1. Executives of LG Panama and LG Guatemala would frequently tell InfoSonics executives that "they needed to get approval or confirmation from LG Electronics' management in Korea before making any significant business decisions or entering into agreements regarding price protection, marketing, warranties or other business issues." (*SAC* at ¶ 27.)

2. Certain executives of LG Electronics were copied on emails exchanged during the contract negotiations between InfoSonics and LG Panama and LG Guatemala. Specifically, InfoSonics asserts that these emails "reveal that LG Electronics was reviewing the terms of the long term distribution agreement clause by clause, and was directing LG Panama to accept or reject each of the terms." (*SAC* at ¶30.)

3. Finally, InfoSonics alleges that Howard Park, an executive who transferred from LG Panama into a position at LG Electronics during LG Panama's contractual negotiations with InfoSonics, continued to participate in the negotiations even after he transferred into the position at LG Electronics. (*SAC* at ¶ 33.)

Based on these allegations, the Court is satisfied that Plaintiff has sufficiently alleged significant involvement by LG Electronics, and that this involvement exceeded the normal scope

of a parent-subsidiary relationship. In particular, Plaintiff's allegations demonstrate that LG Electronics was involved in the contract negotiations to the point that LG Panama could not take any substantial independent actions on the contract without LG Electronics's approval. InfoSonics argues that if LG Electronics was so heavily involved in the contractual negotiations, one can draw the plausible inference that LG Electronics also directed LG Panama and LG Guatemala to interfere with InfoSonics's contractual relationships with the Latin American retailers. Although it is a close call, the Court is compelled to accept all factual allegations as true and draw all reasonable inferences in favor of Plaintiff. *Knievel, supra,* 393 F.3d at 1072. Moreover, the Court would be remiss if it did not acknowledge the difficulty in alleging LG Electronics's role in the tortious conduct, since such facts, if any, are peculiarly within the knowledge of Defendants. Assuming the facts alleged are true and that LG Electronics did in fact play the significant role described by InfoSonics in the SAC, the Court agrees that it is "plausible" to infer that LG Electronics also directed LG Panama and LG Guatemala to engage in the tortious conduct alleged. *Twombly*, 127 S. Ct. at 1965. Accordingly, the Court **DENIES** Defendants' motion to dismiss Plaintiff's claims of intentional interference against LG Electronics.

      *b.*     *Promissory Estoppel*

Defendants next assert that the Court should dismiss InfoSonics's promissory estoppel claim on grounds that InfoSonics has not identified what alleged representations LG Electronics made that would support the claim. Plaintiff argues that it has already identified representations in its fraud claim, and that these representations also serve as the foundation for its promissory estoppel claim. The allegations that support Plaintiff's fraud claim are incorporated by reference into Plaintiff's promissory estoppel claim.

As already noted, the Court determined in its prior Order that InfoSonics adequately alleged fraud against LG Electronics. Defendants contend that because InfoSonics relies on its fraud allegations to support its claim for promissory estoppel, the Court should dismiss the promissory estoppel claim on grounds that it is duplicative. Defendants reason that because fraud provides a sufficient basis for relief, InfoSonics would not be able to establish the equity element of its promissory estoppel claim. Defendant relies on a case in which the Ninth Circuit affirmed a

1  district court's dismissal of a promissory estoppel claim after determining that Plaintiff had viable
2  fraud and negligent misrepresentation claims. *See Glen Holly Entm't, Inc. v. Tektronix, Inc.*, 352
3  F.3d 367, 381 (9th Cir. 2003). The procedural posture in that case, however, was different than this
4  case. In *Glen Holly*, the Ninth Circuit affirmed the dismissal of the promissory estoppel claim after
5  determining that the district court improperly granted summary judgment in favor of defendant on
6  the plaintiff's fraud and negligent misrepresentation claims. This case is not yet at summary
7  judgment, and the viability of Plaintiff's fraud claim still remains to be seen. Defendants'
8  argument for dismissal is premature, and for that reason, their request for dismissal is **DENIED**.

9  **2.      LG US**

10       Like their arguments in favor of dismissing LG Korea, Defendants contend that all claims
11  against LG US should also be dismissed because InfoSonics alleges no specific facts to support its
12  conclusory assertion that LG US directed the activities of LG Panama or LG Guatemala. Plaintiff
13  makes a similar argument in response, that is, LG US directed the activities of LG Panama and LG
14  Guatemala, and can therefore be held liable for its own direct acts.

15       Unlike its claims against LG Electronics, Plaintiff's claims against LG US are sparse.
16  While Plaintiff's allegations against LG Electronics indicate significant involvement and direction
17  by LG Electronics, Plaintiff's allegations against LG US compel no such conclusion. In fact,
18  Plaintiff's allegations against LG US are limited to one paragraph. (*See SAC* at ¶ 31.) Specifically,
19  Plaintiff alleges that Chang Sik Kim, who was legal counsel for LG US at the time, was copied on
20  emails between InfoSonics and LG Panama and LG Guatemala. InfoSonics also asserts that Mr.
21  Kim "participated in meetings with InfoSonics." (*Id.*) Defendants respond that Mr. Kim
22  participated in only one meeting, which occurred in December 2008. The purpose of the meeting
23  was to settle the dispute that had arisen between InfoSonics and LG Panama and LG Guatemala.
24  Defendants argue that this evidence is improper under Federal Rule of Evidence 408 because
25  InfoSonics is attempting to use settlement negotiations to prove liability. *See* Fed. R. Evid. 408
26  (prohibiting the use of settlement negotiations as evidence of liability). The Court finds that even
27  considering these allegations, the link between LG US and the contract negotiations is very
28  tenuous. The inclusion of Mr. Kim on emails and his presence at certain meetings does not compel

the inference that LG US played a "significant" role during the contract negotiations. Nor is it "plausible" to infer that LG US directed LG Panama or LG Guatemala to engage in the tortious conduct alleged in the SAC. Accordingly, the Court **GRANTS** Defendants' motion to dismiss Plaintiff's claims against LG US. At the hearing on the motion, Plaintiffs counsel admitted that he was unaware of any additional facts that could be alleged to state a claim against LG US in the event the Court granted the Defendants' motion to dismiss. In light of this admission and the absence of any additional facts in Plaintiff's opposition, the Court dismisses Plaintiff's claims against LG US **with prejudice** and **without leave to amend**.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to dismiss. The Court **DENIES** Defendants' motion to dismiss Plaintiff's claims of intentional interference and promissory estoppel against LG Electronics. The Court **GRANTS** Defendants' motion to dismiss the claims against LG US **with prejudice** and **without leave to amend**. Defendants LG Electronics, LG Panama, and LG Guatemala shall file their answers within *20 days* of the date of this Order.

**IT IS SO ORDERED**.

DATED: August 23, 2010

Hon. Michael M. Anello
United States District Judge